1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MISTIANN LAPO,

              Plaintiff,

     v.

UNIFORM FACTORY OUTLET OF
WASHINGTON LLC, d/b/a UNIFORM
DESTINATION, ET AL.,

              Defendants.

CASE NO. 2:22-cv-01013-JHC

ORDER

     This matter comes before the Court on the parties' Proposed Protective Order, which the Court construes as a stipulated motion for a protective order.  Dkt. # 7.  The Court has considered the motion and, for the reasons discussed below, DENIES it without prejudice.

     "There is a strong presumption of public access to the court's files."  Local Civ. R. 5(g).  But the Court may issue a protective order "for good cause" under Federal Rule of Civil Procedure 26(c).  Local Rule 26(c) states:

> The Court may enter a proposed stipulated protective order as an order of the court if it adequately and specifically describes the justification for such an order, it is consistent with court rules, it does not purport to confer blanket protection on all disclosures or responses to discovery, *its protection from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles*, and it does not presumptively entitle the parties to file confidential information under seal.

Local Civ. R. 26(c)(2) (emphasis added).  The Court's Model Stipulated Protective Order states that "[t]he parties must include a list of specific documents such as 'company's customer list' or 'plaintiff's medical records;' do not list broad categories of documents such as '*sensitive business material.*'"  W.D. Wash. Model Stipulated Protective Order, https://www.wawd.uscourts.gov/sites/wawd/files/ModelStipulatedProtectiveOrder.pdf (emphasis added).

The Proposed Protective Order defines "confidential" material as, among other materials, "sensitive employee files and records pertaining to any party or non-party."  Dkt. # 7 at 2.  This item is overbroad and does not list a specific category of documents.  It is also circular, defining "confidential" material to include any employee record that is "sensitive."  This item thus does not comply with Local Civil Rule 26(c)(2) or the Model Stipulated Protective Order.

The Court DENIES the Motion without prejudice.  The parties may file a revised Stipulated Protective Order.

Dated this 31st day of August, 2022.

John H. Chun
United States District Judge